IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LONDZA ALLEN,            )
                              )
          Plaintiff,     )
                              )
   v.                 )    No.  11 C 8602
                              )
LEMONT POLICE, et al.,    )
                              )
          Defendants.    )

MEMORANDUM ORDER

Londza Allen ("Allen") has employed the form of Complaint for Violation of Constitutional Rights, as furnished by the Clerk's Office for use by pro se plaintiffs, to charge "Lemont Police," its Chief of Police Kevin Shaughnessy and three "John Doe" police officers with such a violation. That submission has been accompanied by two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This sua sponte memorandum order reflects this Court's review of Allen's documents.

To begin with, Allen's Application is puzzling. Application ¶2.a reports that he is employed by Citgo Oil Refinery at a $5,200 monthly income--scarcely entitling him to in forma pauperis status. On the basis of his own sworn statement, the Application must be and is denied.

This Court would be remiss if it were to stop at this point, because Allen's substantive submission indicates that his payment of the $350 filing fee would appear to be a waste of money.

Accordingly this memorandum order will go on to examine Allen's asserted claim.

First, "Lemont Police" is not a suable legal entity, so it would be dismissed from the lawsuit in any event. As for Chief Shaughnessy, he is not alleged to have been personally involved in the incident about which Allen complains, so that <u>Monell v. Dep't of Social Servs. of City of N.Y.</u>, 436 U.S. 658, 691 (1978) shields him from any liability under 42 U.S.C. §1983 ("Section 1983"). Hence he too would be dismissed as a defendant if the case were to proceed.

That leaves the three "John Doe" defendants--the Lemont Police sergeant and patrol officers who were involved in the confrontation about which Allen complains. And there the problem is that even with Allen's allegations taken at face value, as is required for these threshold purposes, the police conduct about which he complains does not rise (or perhaps "fall" might be a more appropriate term) to the level of a Section 1983 constitutional violation.

According to Allen, the entire incident involving the police stoppage of his truck on December 5, 2010 lasted just under an hour. Certainly the stoppage itself, having been based on the report of a stolen vehicle, was supported by probable cause. And during the time that the situation was being checked out in that respect, the police were authorized to secure the situation,

including the handcuffing about which Allen complains.

This memorandum order does not seek to minimize what was undoubtedly an unpleasant experience for Allen--but unpleasantness alone does not, in the colloquial phrase, "make a federal case out of it." Although the only actual ruling at this time is the denial of the Application, so that Allen is free to pay the $350 filing fee if he so chooses, the analysis contained here provides him with an appropriate forewarning.

Finally, if no payment of the filing fee is made on or before December 22, this action will be dismissed without prejudice. That would enable Allen, if he so chooses, to pursue a potential state law claim in a state court of competent jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 14, 2011